is an appeal from a decision of the Court of Appeals for Veterans Claims, Case No. 172532, Ms. Teresi. You want five minutes for rebuttal? Yes, please. Okay. You may begin. Good morning. May it please the Court? This case presents three questions, each of which are legal issues and each of which are sufficient to warrant remand individually. The first issue is the Board erred in requiring independent verification instead of sufficient corroborating evidence, excuse me, credible supporting evidence, which is the statutory requirement under 3.304-F. How did they – I mean, I thought all they did was look at all the evidence in the record and determine that his account was not credible based upon the record over the course of the years. It didn't seem to me like they applied any kind of different standard at all. Well, Your Honor, on page Appendix 17, the Board said, because the reported stressor cannot be independently verified as required by 38 CFR 3.304-F, the claim for service connection for PTSD must be denied. That's a heightened evidentiary standard that's over and above what's required by 3.304-F itself, which is credible supporting evidence, not independent verification. But doesn't F apply to – you're not saying that this qualifies as an assault, do you? Well, Your Honor, this is the type of in-service incident that's unlikely to have been reported. Okay, so you want us to interpret that provision to apply to these circumstances, even though you concede it wouldn't qualify as an assault. Well, I think a threat can be an assault. If there's an intent by the party making the threat to frighten the individual being threatened, I think it can be an assault. I don't think there's any clear precedent saying that a threat does not constitute an assault. And I think in the briefs, Black's Law Dictionary, as well as another case, recited indicating that a threat is sufficient to constitute an assault. Well, the problem here is, even if that's the case, it isn't just an absence of information or facts or a negative inference to be drawn from that that the board looked at. The board cited specific evidence that when he was seen in 1998 and 1999 by VA at a PTSD screening, he specifically denied any terrible experience that involved being attacked or being threatened. Now, those medical documents aren't in the record, but it doesn't appear you contested the sufficiency of those at the Veterans Court. So that's all we have to go on. That's not a negative evidence. That's evidence of his affirmative statement that he didn't suffer an attack. And given that, this isn't a case where we're in the AZ scenario, where the VA can't rely on an absence of record evidence to disprove his allegations. They have at least one specific allegation, and I think there are more, where he said that there was no attack. So given that, aren't we just in an issue of you asking us to reweigh evidence, which, of course, we can't do? Your Honor, I'm not asking the court to reweigh evidence. Should you dispute that statement, that that's in the record, that he said in a 1998 and 1999 PTSD screen, which goes to the precise issues we're talking about, he specifically denied any terrible experience? Your Honor, we don't dispute those statements. However, by definition, post-traumatic stress disorder is a delayed onset condition. This court has found that to be true in the case of me versus Brown, acknowledging that. Sure, but that still doesn't mean that this evidence isn't probative or capable of being relied on by the VA. And if that's the case, then the Veterans Court could assess the sufficiency of this. I didn't see you even challenging the sufficiency of this evidence at the Veterans Court, but maybe you did. But in any event, we're left with some evidence, including some good evidence from your client that says, I actually did suffer this with some corroboration, but some other evidence from the VA, positive evidence, not negative evidence that AZ disapproved of, that says he didn't. I don't understand how we can go any further. Well, Your Honor, that question actually is a combination of the first and second issues. The first issue being that the court applied a heightened standard requiring independent verification. The second being that the board failed to consider the letters from Mr. Vialli's sisters. But that's the problem. I don't see how they did. They went through all of the evidence, and maybe they specifically discussed everything. Did they not discuss the letters in detail? They did not discuss the letters. We presume they have all the evidence in front of them. And certainly they're relying on his account. They disbelieve his account. His account may be true or it may be not true. It's not for us to decide. Well, as Your Honor pointed out, there were PTSD screens in the 90s where Mr. Vialli denied having experienced any frightening experiences. One of the pieces of evidence that would contradict that evidence would be the letters from his sisters, which describe personality changes immediately. The problem is as soon as you start talking about contradicting evidence,  which is something that the Veterans Court may do, but we can't. Well, I disagree with that characterization, Your Honor. You disagree with the notion that we can't weigh evidence? No, no. I apologize. I disagree with your characterization that I'm asking you to re-weigh the evidence. What I'm asking for is a finding that the board erred in failing to consider the letters. The board is required under... And what's your proof that they didn't consider the letters? The fact that they're not discussed with respect to the PTSD claim, but they are discussed with respect to major depressive disorder and... Because the letters went to his behavior after he was out of service. The letters don't talk about the stressor. They don't say, he told us he underwent this stressor. So the problem is that it's not just a question of what he's diagnosed with and what can support his diagnosis. The question is, is there any evidence that corroborates the stressor? And what the board found is that those letters related to his post-service behavior, not to the existence of a stressor. Isn't that your problem? That's correct, Judge O'Malley, but as Judge Hughes pointed out, the board was relying on negative PTSD screens from the 1990s, and the letters from Mr. Vialli's sisters say that he was experiencing personality changes at that time, starting from... I think you're mischaracterizing what I was saying. I didn't call these... When I was using the word negative, I was using it in the sense that AZ used the word negative to mean an absence of information. These aren't negative in that sense. These are specific positive information. Yes, Your Honor, but again, the board relied on those to say that Mr. Vialli's testimony that he experienced personality changes immediately following service are contradicted by the negative PTSD screens in the 1990s. And his affirmative statement during those screens that he did not suffer from a terrible experience. Yes, Your Honor, and my point is... I don't understand how you get around that. If that evidence, if we take that evidence as true, that he told the VA that he did not suffer from a terrible experience, he can change his mind, but they get to decide which version of his story is true, don't they? They do, Your Honor, but in making that determination, the board is required to consider all information and lay and medical evidence. Let's assume they did. I don't think we can assume that they did. Your discussion of the sister's letters seems really dead to me. What in the sister's letters speaks to the stressor? The sister's letters speak to the personality changes experienced by the stressor. And again, part of the board's decision was finding that Mr. Aviali's testimony was contradicted by his negative PTSD. Is there anything in those letters that say that those personality changes occurred prior to his leaving service? Prior to his leaving? Prior to when he left the service. No, there's nothing saying that the PTSD, that the symptoms... And one of the problems with the case is that there's no evidence that shows that the event, the stressor event, occurred. And that's the evidence that's missing. You're calling it verification, but no, it's just direct. For example, the letter that the embassy wrote when he said, I've been instructed to drive at night and to carry a gun, and I think they're going to kill me. And he went to the embassy and told them that story. They wrote him a letter for him and said, this man is not to drive for the next four months alone, or something like that. Do you have that letter? No, Your Honor, but again, that's why this... You said that's the type of evidence that would point and would help your client. Yes, Your Honor, and that's why this case is analogous to an in-service personal assault, because it's unlikely that certain forms of direct evidence... But that form would exist. Yes, Your Honor, Mr. Vialli has indicated to me that he believes the letter was taken out of his C-file. Are you contending that somehow the F-5 provision that says when we're talking about assaults that we allow corroborating evidence to come from other sources, that other sources other than an actual reporting of the assault at the time, that that somehow lessens the actual evidentiary burden in that regulation? No, Your Honor, but again, the evidentiary burden is that there must be sufficient corroborating evidence, and 3.304 F-5 specifically says that that corroborating evidence can take the form of things like the negative performance reviews that Mr. Vialli received. And the Board actually held those negative performance evaluations against Mr. Vialli, as opposed to what 3.304 F says. Well, they didn't really hold it against him. They basically said, yes, there were some negative... And they said that that could corroborate to some extent, but the fact that he bounced right back and did great after that cuts against that. So it was just a weighing, right? Well, I disagree with that. I think this goes to the third issue, which is that the Board used the negative performance reviews as substituting their own incompetent medical judgment for PTSD diagnosis to say that a person who has experienced a traumatic event can no longer receive high marks in service. I think the fact that Mr. Vialli received negative performance reviews goes to show that he had disagreements with his superiors, which does corroborate Mr. Vialli's claimed stressor. Do you see a distinction between failing to report a stressor and affirmatively denying the existence of a stressor after you're already out of service? I do see a distinction there, but again, PTSD is by definition a delayed-onset disease. And so the fact that Mr. Vialli, upon leaving service, didn't experience any symptoms and didn't realize the effect that the stressor had had on him I don't think is just as positive as the Board found it to be. Instead, Mr. Vialli, later on in life, began to understand not only the effect that the experience had had on him, but also the impact of PTSD itself, and at that point sought medical treatment. And again, because PTSD is a delayed-onset reaction, the fact that that occurred years later is not surprising. Okay. Do you want to save the rest of your time for rebuttal? Please, yes. May it please the Court, the Court should dismiss this appeal for lack of jurisdiction. It raises factual issues over which the Court lacks jurisdiction. Why isn't any of this medical evidence in the record? Your Honor, opposing counsel, the entirety of this appeal is about the re-weighing of evidence. Well, I get it, and we don't get a re-weigh evidence, but when we're trying to verify the Board's decision and look at it, and I suspect it was too late for you because it probably wasn't put in at the Veterans Court either, but it seems to me that when there are issues about evidence and corroboration at the Veterans Court, the record, the full record, or at least these portions of the record, should be put in there so that we can see them up here too. Your Honor, I don't know that all of the evidence discussed in the Board's decision was before the Veterans Court, but I believe in the record of proceedings that's filed with the Veterans Court there was this type of evidence in at least some of this evidence. I understand. If that's the case, why don't we have it? Because the parties didn't specifically cite those pieces of evidence. Wait, so you're telling me that if I go back to the Veterans Court record, I can find these PTSD screens? Honestly, I got to this a little late, so I didn't have time to actually try to pull up the record before the Veterans Court, but I usually find it pretty difficult where the Veterans Court doesn't have this stuff either all the time. Your Honor, I don't know if those particular PTSD, from 1998 and 1999 to 2006, there's medical record from that time period in the record of proceedings. I think the record of— This seems to be a pretty relevant one as it's one of the few positive statements that he himself said, I didn't suffer, and it's not in the appendix. Your Honor, if this Court were reweighing the evidence, it would certainly be relevant, and it would be before this Court. Well, it's always relevant. I get it. We can't reweigh the evidence. I know that as well as you do. I argued the same thing a lot, many years, but we still want to read them. I understand, Your Honor. In retrospect, if opposing— I wasn't actually— It was on the brief originally, but if opposing counsel and government counsel, in retrospect, maybe they could have worked out, including additional pieces of evidence that wasn't specifically discussed in the brief. One of my concerns here is with respect to the whole concept of AZ and the concept of F4. I mean, it is true, isn't it, that there are certain things like assaults that not only won't get reported at the time for all the reasons that are discussed in those opinions and contemplated by the regulation, but sometimes will get denied even years later because of the stigma that goes along with admitting them. There may be an AZ with sexual assault, and that's not obviously what's alleged here. Here, the issue is not just the denial of PTSD or a negative finding of PTSD. It was the affirmative evidence suggesting that a traumatic event had not happened. This is about a historical event. Give me my hypothetical. What if it was a sexual assault? Would a denial of sexual assault necessarily carry much weight? It might. The board sitting as a fact finder might find that it doesn't carry as much probative weight as the absence of a report. That's something that the board would do in the first instance. It may. But here we have affirmative evidence suggesting that these historical events claimed didn't happen. The board made a credibility determination that Mr. Viale could not be believed. The board found that there was evidence suggesting that the stressor events had not occurred in the decades subsequent to the service, and then there's evidence after his claim was filed that he had suffered some traumatic event. And the board found, sitting as a fact finder, that he couldn't be believed. And this court's decision in case makes clear that this determination of whether there was a stressor event is a factual determination made by the board, reviewed by the veteran's court. We had a case just this week where the board concluded, and your other counsel argued that one of the reasons we couldn't believe that there was a stressor that kicked in PTSD or a mental problem is that there was no evidence that he had any performance problems during the relevant time period. And now the board seems to be saying, well, the fact that he had performance problems during the relevant time period but improved, therefore cuts against him. It seems like you're arguing out of both sides of your mouth. No, I'm not familiar with all the facts of that case, but I would say here, just looking at the board's decision, the board is doing what it's supposed to do. It's supposed to weigh the unique evidence to the case, in this case, finding that the fact that he had positive performance evaluations subsequent to his time in Thailand cuts against his negative performance evaluations, and also the fact that when he separated in 1968, there was evidence in their medical history form suggesting that he had not experienced any sort of traumatic event or denying any psychiatric symptoms. So much has been made about the fact that someone that suffers from PTSD might not experience the onset of PTSD for years later. But whether there is the historical fact of an event can be proved, and whether there's evidence at the time contemporaneous to the event is a separate issue. And it's easy, and Mr. Viola's counsel seems to conflate those two issues. What about the argument that the sister's letters weren't properly considered? I mean, your friend on the other side says that the problem is that the sister's letters confirm that at the time he's denying all this, he's already evidencing symptoms of PTSD. Your Honor, first, there is a presumption under Gonzales that the board considered all evidence before it, and this was evidence before the board. And in fact, here, the board discussed the letters in the decision. It was discussed in the section  and generalized anxiety disorder, but they were discussed in the context of whether a stressor event had been shown. And the board looked at these letters and other evidence that Mr. Viola would say was positive for him, and found that it couldn't be believed that he was a changed man after his service from before his service. The board looked at evidence subsequent to his service, suggesting that was the case, and it also looked at evidence in the form of statements he made to a doctor in 2002 before the claim had been filed, suggesting that before service he didn't have social issues that he's now claiming. So the board was weighing the evidence, and it's not this court's role to weigh the evidence. The Belcher decision, which is an unpublished decision from 2012, is also relevant. A similar argument was made by a veteran challenging a finding of no stressor event, and that appeal was dismissed for lack of jurisdiction. I guess one of my problems is the board's language specifically said that had he really been threatened, he wouldn't have denied it. And I guess I'm not understanding why that doesn't run afoul of AZ. Well, AZ was with respect to sexual assault. It was not a... Even assuming that assault was alleged here... But the board did assume... I mean, the court did assume that an assault was alleged here. Assuming that F-5 applied, the court found that the board had not erred in its analysis. There had been no clear error, and that's because it considered non-service records, records outside of the official service records, such as the assister statement, such as medical evidence in decades past. So this was an argument that was made to the Veterans Court, considered by the Veterans Court, and the application of law, in fact, is outside this court's jurisdiction. The board understood its role, and it's clear from the decision that the board is assessing the credibility and probative weight of evidence and interpreting evidence and weighing evidence and coming to a factual determination and a credibility determination that the stressor event had not been demonstrated, which was Mr. Vialli's burden. If there are no further questions, the court should dismiss this appeal for lack of jurisdiction or alternatively affirm the Veterans Court's decision. Thank you. Just a few brief points on rebuttal. The first is that the board is required to consider all lay and medical evidence for each claim under 38 CFR Section 303. The fact that the board did not consider the letters with respect to PTSD is a reversible legal error. As counsel for the affilee acknowledged, you have to consider the unique evidence for each situation, and that was not done here. The second point is that, as Your Honor pointed out, had he really been threatened, he would have reported it, is not a sufficient basis to deny a claim, whether it's for sexual assault or another type of incident that would not have been reported. But you don't see a difference between just not reporting it and specifically denying it? Well, again, I think it goes to whether or not Mr. Vialli at the time understood the symptoms that he was experiencing were PTSD. But there's a difference between symptoms and whether something actually happened historically. And he may not have understood the symptoms, but unless you're claiming somehow that his PTSD led him to block out this event and he only remembered it later, which I didn't see any testimony to that effect, that might explain his explicit denial, it seems to me that there has to be a difference between not reporting something, which is certainly understandable in terms of sexual assault and even assault like this. I mean, frankly, if I thought somebody was trying to murder me, in the command structure, I might be even more afraid to report it. But specifically denying that it happened, I mean, what else? I mean, otherwise you're saying the failure to report it can't be good enough, but this specific denial also can't be good enough, so you're almost asking us to create a presumption in favor of the veteran's story. And there are presumptions for certain types of events, but not for this one. I don't think a presumption is necessary. I think the point... But how do you explain that this isn't just a failure to report? This is a specific denial that something happened. Yes, Your Honor, but again, all the evidence, lay and medical, must be considered together. And here, the fact that the... Let's assume... Those are two different points, I think. Let's assume the board considered all the relevant evidence, which included all the evidence in support of your client, but also all the evidence in support of the VA's decision, including this specific denial by him. What do we do? Isn't that essentially facts being weighed against each other that we can't review? Well, Your Honor, I think if that had been done and the evidence had been reviewed under the proper legal standard, the appeal would not have been filed. But again, here, the board required independent verification of the stressor as opposed to sufficient corroborating evidence. And on top of that, failed to consider the letters from the system. Okay, thank you. Thank you. We thank both counsel.